**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a1211n.06

No. 10-2476

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 21, 2012*

DEBORAH S. HUNT, Clerk

DAVID BUCHKO, JR.,

     Plaintiff-Appellant,

v.

COUNTY OF MONROE, MONROE COUNTY
SHERIFF'S DEPARTMENT, AND TILMAN
CRUTCHFIELD,

     Defendants-Appellees.

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

_____/

BEFORE:    CLAY and SUTTON, Circuit Judges; RICE, District Judge.[*]

    **CLAY, Circuit Judge.**   Plaintiff David Buchko, Jr. appeals an order of the district court granting summary judgment in favor of Defendants the County of Monroe, Monroe County Sheriff's Department, and Tilman Crutchfield on Plaintiff's 42 U.S.C. § 1983 claim. Plaintiff alleged that Defendants bypassed him for various promotions in retaliation for exercising his First Amendment right to free speech and free association.

    For the reasons discussed below we **AFFIRM**.

---

[*]The Honorable Walter H. Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

**BACKGROUND**

In April 1997, Defendant Crutchfield, the current Monroe County Sheriff, hired Plaintiff as a deputy sheriff. Plaintiff became eligible to take the promotional examination for sergeant in 2002 and sat for the exam administered on November 1, 2003. All promotions are governed under a Collective Bargaining Agreement ("the Agreement") between the County of Monroe, the Monroe County Sheriff, and the Police Officers Association of Michigan (POAM). Under the Agreement, promotions are determined by the Sheriff, who evaluates candidates based on a combination of test scores and "sheriff's points." Section 11.8 of the Collective Bargaining Agreement states as follows:

> 11.8: <u>Promotions.</u> When the Sheriff determines that an opening or vacancy exists for promotion to the position of Sergeant, employees covered by this Agreement shall be eligible for consideration.
>
> All openings for promotion within the Sheriff's Office will be posted for a period of fifteen (15) work days. Such posting shall be in conformance with the normal posting procedures.
>
> The Sheriff will evaluate all applicants who respond to such posting in accordance with the point allocation system as outlined in section 11.8(A) below. The Sheriff shall promote either of the top two (2) employees with the highest point total in accordance with such evaluation from the current eligibility list. A promotional list once established shall be used for two (2) years or until exhausted. If exhausted prior to the two (2) year limitation, a new list will be established for another two (2) year period. Once an eligibility list is established, a copy of the entire list of employees who have passed and are eligible for promotion will be provided to the POAM with ranking. An eligible employee cannot be bypassed for promotion more than one (1) time.

(R.19-3:Ex.1: Collective Bargaining Agreement, Page ID # 389.) Plaintiff's score on the 2003 exam did not place him in the top two positions for the 2003-05 promotional list.

In May 2004, Plaintiff was elected to the Monroe Public School Board of Education and became a member of the school board in July 2004. Plaintiff was assigned to the position of school

liaison. On July 19, 2004, Plaintiff voted in favor of a budget reduction initiative, which included the elimination of one of the two existing school liaison positions.

Plaintiff took the promotional exam again in October 2005. He achieved the highest score and was ranked second on the 2006-07 sergeant promotional list. In July 2006, the Sheriff's Department promoted Jeff Kovenich, the highest ranked candidate in the sergeant class. The highest ranked candidates for lieutenant and captain were also promoted accordingly.

In December 2006, the Sheriff's Department bypassed Plaintiff and instead promoted Deputy Kemp, who was ranked third—or one level below Plaintiff—to the sergeant position. Plaintiff was dissatisfied with this result and went to Defendant Crutchfield to discuss why he was bypassed for the promotion. Defendant Crutchfield explained to Plaintiff that he was bypassed because "there was no K-9 supervisor, and . . . I looked for qualifications for the position for my needs at the time for the organization, not for an individual, but for the organization as a whole. Deputy Kemp was a canine handler. And I promoted Deputy Kemp to the sergeant's position to supervise—one of his duties being to supervise the K-9 program for the sheriff's office."

Despite this explanation, Plaintiff still believed he deserved the promotion. Plaintiff was further troubled by the fact that Defendant Crutchfield told Plaintiff that he had "no issue with [his] ethics or [his] ability to supervise, but that he needed to have a K-9 supervisor, and Jeff Kemp was already a K-9 officer." Plaintiff maintained his suspicion over the promotion. He stated at his deposition that he did not "think the sheriff was being truthful with [him]" because he did not "believe that there was a need for Jeff Kemp to be promoted to be a K-9 supervisor." Plaintiff opined that Jeff Kemp received the "promotion because [Kemp] had recently been actively involved

3

in a public campaign against budget reductions at the sheriff's office." However, Plaintiff also stated that he did not have any criticisms of Kemp either professionally or personally.

Based on the suspicion that the denial of the promotion was for retaliatory reasons, Plaintiff filed a grievance with the union against the County of Monroe in January 2007 to dispute the promotion of Kemp, but the union refused to arbitrate and the County denied the grievance.

Around January 2008, Plaintiff began working on the campaign of Lieutenant Troy Goodnough, who previously was Plaintiff's direct supervisor. Goodnough was running as a candidate for Monroe County Sheriff against the incumbent Defendant Crutchfield. Plaintiff stated at his deposition that he had a limited role in the campaign and he only sent out an email to invite friends to a fundraiser for Goodnough. Plaintiff claimed that he never criticized Defendant Crutchfield publicly but he did acknowledge that he criticized Defendant Crutchfield amongst his family members and some co-workers. Specifically, Plaintiff testified that he criticized the management structure of the department, that he "disagreed with the districting program," and that he did not "believe that the sheriff [had] made his best effort to control costs." Plaintiff stated that he did not believe anyone disclosed those comments to Defendant Crutchfield.

During this same time period, Plaintiff alleged that Defendant Crutchfield engaged in various retaliatory acts against him, which included altering his work schedule, threatening the job security of employees who did not support Defendant Crutchfield's candidacy, and removing Plaintiff from his position as school liaison at Mason Schools.

During the campaign, David LaMontaine, Defendant Crutchfield's campaign manager and also the union president, sent two emails which Plaintiff alleges were retaliatory. The first email,

sent on March 11, 2008, to the union membership, announced that LaMontaine would chair Defendant Crutchfield's re-election campaign. The email also included the following statement: "Understand that this process involves winners & losers, and to the victors go the spoils." At his deposition, LaMontaine stated that he acted alone in sending the email and he did not receive permission from Defendant Crutchfield. LaMontaine testified that the above statement simply meant that "there's jeopardy anytime you involve yourself in campaigns. People win. People lose. Things happen." Defendant Crutchfield stated that he had no knowledge of LaMontaine's March 11, 2008 email. He further stated that LaMontaine sent the email in his capacity as the union president and not as his campaign manager.

On July 1, 2008, LaMontaine sent another email to "Team Crutchfield", containing the following statement: "Well guess what, the Sheriff views those who are campaigning against him as people who are trying to get him fired. Loyalty is very important to him." LaMontaine testified that his comments about loyalty were not related to any conversation with Defendant Crutchfield. The following month, in August 2008, Defendant Crutchfield won the primary election and later won the general election in November.

Another round of promotions took place in January 2009. Plaintiff ranked second on the 2008-09 promotional list. However, Defendant Crutchfield promoted Deputy Heath Velliquette, the person ranked first on the 2008-09 promotional list. Plaintiff did not contest that promotion. Plaintiff did, however, contest the promotion of Deputy Thomas Redmond who was elevated to the position of Training Sergeant, despite being ranked lower than Plaintiff. Plaintiff stated at his

5

deposition that he was bypassed a second time for a promotion and filed another grievance. The County denied the grievance and the union refused to arbitrate.

On September 4, 2009, Plaintiff brought this action against Defendants in federal district court seeking money damages and equitable relief. Plaintiff alleged in his complaint that Defendant Sheriff Tilman Crutchfield retaliated against Plaintiff by failing to promote him despite being eligible for various promotions. Plaintiff argued that he was bypassed for the promotions because of his position on the Monroe Public School Board of Education and because he supported the opposition candidate for Monroe County Sheriff.

Defendants filed their motion for summary judgment on May 28, 2010. The district court granted Defendants motion on October 6, 2010. Plaintiff now appeals.

## DISCUSSION

### I. Standard of Review

We review *de novo* a district court's grant of summary judgment. *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 576 (6th Cir. 2004). Summary judgment is appropriate if the pleadings, the discovery, and the disclosure materials on file, and any affidavits "show [] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether summary judgment is appropriate, all inferences are to be made in favor of the non-moving party, and all evidence construed in the light most favorable to that party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II.    First Amendment Retaliation Claim

Plaintiff claims that Defendant Sheriff Crutchfield deprived him of his First Amendment right to free speech and free association in violation of 42 U.S.C. § 1983. First Amendment retaliation claims are reviewed under a three-step analysis. A plaintiff must establish that he:

> (1) engaged in constitutionally protected conduct; (2) an adverse action was taken against plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 723 (6th Cir. 2010) (citations omitted). If the plaintiff can establish the first three elements, then the burden shifts to the defendant to show that "he would have taken the same action in the absence of the protected activity." *Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999) (en banc). In this case, the parties agree that Plaintiff satisfied the first two elements in the retaliation analysis. Plaintiff engaged in a protected activity by participating in the campaign of Troy Goodnough and his membership on the school board and that he suffered an adverse action when Defendants failed to promote him on two separate occasions.

The main issue of dispute is whether Plaintiff can prove that Defendants' failure to promote was based at least in part on Plaintiff's protected activity. The district court granted summary judgment to Defendants, finding that Plaintiff failed to prove that his board vote and his support of Goodnough motivated Defendant Crutchfield's decision not to promote him within the sheriff's department.

Under the third element, "[P]laintiff must show that the decision was motivated, at least in part, by the [P]laintiff's protected activity" or show a causal connection between the first and second elements. *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001) (citation omitted). Plaintiff must

7

"proffer evidence sufficient to raise the inference that his . . . protected activity was a motivating factor for the adverse decision." *Arnett v. Myers*, 281 F.3d 552, 560 (6th Cir. 2002).

Plaintiff cannot make the requisite showing that his protected activity was a motivating factor for Defendants' decision to bypass him for the promotions. First, Plaintiff claims that "evidence of Sheriff Crutchfield's retaliatory animus can be found in the previous promotional bypass in 2006, in connection with his votes as a private citizen while an elected member of the Monroe Public Schools Board of Education." However, the record does not support Plaintiff's allegation that his vote on the school board persuaded Defendant Crutchfield not to promote him to the sergeant position. Plaintiff's minimal evidence is purely speculative and he is required to "point to specific, nonconclusory allegations reasonably linking [his] speech to employer discipline." *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 400 (6th Cir. 2010) (citation omitted). Plaintiff testified at his deposition that he was not aware of any document, statement, recording, or conversation to show that Defendant Crutchfield bypassed him for a promotion because Deputy Kemp supported a public campaign to help the sheriff's department.

Plaintiff also claims that Defendant Crutchfield engaged in unlawful First Amendment retaliation in 2009 after he denied Plaintiff's promotion. Plaintiff states that he was a "good employee" and "performed with excellence on the promotional exams" by ranking among the top two candidates on the three consecutive promotional lists. Plaintiff further argues that Deputy Redmond should not have been promoted.

Plaintiff provides indirect evidence to show that Defendant Crutchfield engaged in retaliatory animus. This includes an email dated March 11, 2008, in which Defendant Crutchfield's campaign

manager, LaMontaine, stated that "this process involves winners & losers and to the victors go the spoils." The second email dated on July 1, 2008, was also from LaMontaine and stated the following:

> Well guess what, the Sheriff views those who are campaigning against him as people who are trying to get him fired. Loyalty is very important to him. . . We work for a Sheriff's Office where life is political. . . If our paths don't cross on the campaign trail, your actions will speak for themselves.

Plaintiff's allegations suffer the same fate as his previous argument for the denial of his promotion in 2006. Plaintiff cannot establish that Defendant Crutchfield actually expressed the views attributed to him by LaMontaine and there is no evidence that the emails were retaliatory. First, LaMontaine never described his statements as retaliatory. LaMontaine stated at his deposition that his statement simply reflected that there was " a lot of activity going on, on both a political front and the campaign front." In addition, there is no evidence that connects Defendant Crutchfield's decision not to promote Plaintiff with the alleged statements made by Deputy LaMontaine. Defendant Crutchfield testified that LaMontaine's email was sent without his knowledge or approval and that the email was submitted in LaMontaine's capacity as a union president and not as campaign manager.

Next, Plaintiff argues that Defendant Crutchfield engaged in a pattern of adverse conduct by changing of the County Fair schedule during the primary campaign season to conflict with his work responsibilities. Plaintiff also contends that the district court's decision "placed undue emphasis" on the temporal proximity of the adverse employment action.

The district court found that there was a 29-month gap between the first alleged protected activity and the alleged adverse employment action, and approximately a 12-month gap between the second alleged protected activity and the alleged adverse employment action. First Amendment

retaliation cases in our circuit generally require us to look beyond temporal proximity to determine whether an inference of retaliatory motive exists. *See Tuttle v. Metro. Gov't. of Nashville*, 474 F.3d 307, 321 (6th Cir. 2007) ("The law is clear that temporal proximity, standing alone, is insufficient to establish a causal connection for a retaliation claim."); *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 363–64 (6th Cir. 2001). Even considering all the evidence in the record, Plaintiff cannot establish a causal connection between the adverse action and Plaintiff's protected activity. Plaintiff fails to identify any evidence to show that Defendant Crutchfield was either hostile or had a retaliatory animus towards Plaintiff. With respect to the County Fair schedule, Defendant Crutchfield stated that he was not responsible for Plaintiff's schedule other than ensuring that all the shifts were covered for the County Fair. Plaintiff also fails to identify any conduct or specific statements made by Defendant Crutchfield that would link his adverse employment action with a protected activity. Plaintiff's claims appear to be based on speculation, innuendo, and rumor, which cannot substantiate a First Amendment retaliation claim. *See Vereecke* 609 F.3d at 399–400 (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998)) ("When assessing motive in the context of a summary judgment motion, 'bare allegations of malice [do] not suffice to establish a constitutional claim.'"). Because Plaintiff failed to show that Defendant Crutchfield's actions were a substantial or motivating factor behind the decision to bypass him for the promotions, Plaintiff cannot prevail on his First Amendment retaliation claim.[1]

---

[1]Plaintiff also attempts to argue that as a public employee, he may comment on matters of public concern without fear of retaliation or reprisal by Defendants. *See Connick v. Myers*, 461 U.S. 138, 140 (1983); *Pickering v. Bd. of Educ.*, 391 U.S. 563, 574 (1968). However, Plaintiff fails to adequately develop this argument, and therefore the issue is waived. *See United States v. Robinson*, 390 F.3d 853, 886 (6th Cir. 2004) ("We have cautioned that issues adverted to in a perfunctory

Even if Plaintiff could satisfy the third prong of the First Amendment retaliation analysis, Plaintiff would not be able to overcome the fact that Defendant Crutchfield has shown that "he would have taken the same action in the absence of the protected activity." *Thaddeus-X*, 175 F.3d at 399. Defendant Crutchfield explained that he denied Plaintiff's 2006 promotion because Deputy Kemp possessed the requisite skills for the position. Plaintiff lacked the experience of a canine officer whereas Deputy Kemp had the experience and qualifications for the position. Similarly for the 2009 promotion, Deputy Redmond had more experience on the force and greater seniority compared to Plaintiff. Defendant Crutchfield stated that he bypassed Plaintiff in favor of Deputy Redmond because "Deputy Redmond was a senior employee. He was a detective at the time . . . and an excellent detective, for a considerable number of years." In addition, Defendant Crutchfield also stated that the candidates selected over Plaintiff possessed the skill set and experience that Plaintiff did not have. Defendant Crutchfield testified that Deputies Kemp and Redmond both had leadership skills prior to their promotion and that he never saw any examples of Plaintiff's leadership. Therefore, Defendant Crutchfield satisfied his burden of articulating reasons why the department denied Plaintiff's promotion absent his participation in a protected activity.[2]

---

manner, unaccompanied by some effort at developed argumentation, are deemed waived, and that it is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (citation and internal quotation marks omitted).

[2]Defendants also argue that the Monroe County Sheriff's Department is not a legal entity amenable to suit. The district court did not address this issue. However, because we conclude that Plaintiff failed to establish a First Amendment retaliation claim, then we need not determine whether the Sheriff's Department is a legal entity subject to suit. *See, e.g., Poppy v. City of Willoughby Hills*, 96 F.App'x 292, 296 (6th Cir. 2004).

## CONCLUSION

Plaintiff cannot prevail on his First Amendment retaliation claim because he failed to show a sufficient causal connection between his protected activity and the adverse employment action.

For the reasons stated above, we **AFFIRM** the order of the district court granting summary judgment to Defendants.